MARY GOLDRICK *vs.* JOHN BENNETT.

PROVIDENCE—JUNE 23, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A constable appointed in a town outside of the city of Providence may serve, in said city, a writ in which the *ad damnum* is one hundred dollars when issued by a District Court outside of said city, notwithstanding the facts that both the plaintiff and defendant reside and the attached property is within the city.

ASSUMPSIT. Heard on defendant's petition for a new trial on grounds involving the proper service of the writ.

PER CURIAM. The question raised by the exception is whether a constable, residing and appointed outside of the city of Providence, can serve a writ, the *ad damnum* of which is one hundred dollars, issued by a District Court outside of Providence, when both the plaintiff and defendant reside in Providence and the property attached is also in Providence. The defendant, in support of the exception, relies on a provision of Pub. Laws R. I. cap. 685, § 4, passed April 12, 1878, which is as follows: "No constable appointed in any other town of this State shall have power to serve any civil process in the city of Providence, except such process shall be issued by a court or magistrate outside of said city, or the party plaintiff or defendant, or some one of them, shall reside without said city." The plaintiff claims that the law to be applied is Gen. Laws R. I. cap. 232, § 3; cap. 252, § 7. We do not see that it is important which of these laws should be applied, for in either case the service was good. If Pub. Laws cap. 685 is in force, the writ came within the exception of a process issued by a court or magistrate outside of said city. If this law be deemed to have become obsolete or

inoperative because there are no longer city or town courts or magistrates, as formerly, which we think to be the correct view, then the service would be good under the general laws above cited, which give constables power to serve processes throughout the county.

Exception overruled, and case remitted to the District Court of the Sixth Judicial District for judgment.

*Cyrus M. Van Slyck and Charles C. Mumford,* for plaintiff.

*Charles H. Page, Charles H. Page, Jr., and Arthur Cushing,* for defendant.

